IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
ORLANDO CARLOS RAMOS,           )
                                )   2:11-cv-02565-GEB-GGH
          Plaintiff,            )
                                )
     v.                         )   ORDER*
                                )
UNIVERSAL HOSPITAL SERVICES,    )
INC.,                           )
                                )
          Defendant.            )
_____)
```

Plaintiff filed a motion to remand this action, arguing "[u]nder [28 U.S.C. §] 1446(b) Defendant's removal was not timely because it was made more than thirty days after [Defendant was] given notice that the federal court had subject matter jurisdiction as the amount in controversy exceeded $75,000." (Pl.'s Mot. 1:22-24.) Defendant opposes the motion.

Section 1446(b) prescribes:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

An amended pleading, motion, order, or other paper triggers the thirty-

---

* This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

day removal period only if "it can be ascertained from the face of the document that removal is proper." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005); see also Mattel, Inc. v. Bryant, 441 F. Supp. 2d 1081, 1089-90 (C.D. Cal. 2005) ("This time limit is triggered only when the information supporting removal is unequivocally clear and certain.") (internal quotation marks omitted).

Plaintiff argues he sent Defendant an e-mail (the "e-mail") dated August 14, 2011, that gave Defendant notice that the case was removable; therefore Defendant's September 29, 2011 notice of removal was untimely. (Pl.'s Mot. 3:5-15.) This e-mail states: "No I cannot stipulate to [the amount in controversy]. As you can see[,] if my client does not find a job, his wage loss alone will exceed $75,000 by the time this goes to trial. If your client wants to remove to Federal court go ahead." Id. Ex. A. Since it cannot be ascertained from the face of this e-mail that removal was proper, the e-mail did not trigger the § 1446(b) thirty-day removal period. Therefore, Plaintiff's motion to remand is DENIED.

Dated:  December 13, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge